UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

North Star Grain International, LLC,

       Plaintiff,

v.                                                    Civil No. 09-617 (JNE/AJB)
                                                    ORDER

Hyundai Syscomm Corporation,

       Defendant.

Invoking diversity jurisdiction, *see* 28 U.S.C. § 1332 (2006), North Star Grain International, LLC (North Star), brought this action against Hyundai Syscomm Corporation to confirm an arbitration award. North Star asserted that it is "a Minnesota limited liability company with its principal place of business" in Minnesota; that it is "a wholly-owned subsidiary of North Star Rail Intermodal, LLC, a Minnesota limited liability company"; that Hyundai Syscomm is "a California corporation with its principal place of business" in California; and that the amount in controversy exceeds $75,000, exclusive of interest and costs. On May 1, 2009, the Court noted that North Star's jurisdictional allegations were deficient because North Star had failed to properly allege its own citizenship. *See OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007); *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004). Thus, the Court ordered North Star to establish its citizenship.

North Star responded with an affidavit that identifies North Star's sole member as North Star Rail Intermodal. The affidavit identifies the members of North Star Rail Intermodal as several individual residents of Minnesota, Montana, and South Dakota; a Minnesota corporation whose principal place of business is in Minnesota; Massachusetts corporations whose principal places of business are in Massachusetts; Minnesota limited liability companies whose principal places of business are in Minnesota; and South Dakota limited liability companies whose

1

principal places of business are in South Dakota. North Star concludes with an assertion that none of the members of North Star Rail Intermodal is a citizen of California. North Star's response plainly fails to remedy the defect in its jurisdictional allegations.

First, North Star's response suffers from the same deficiency that the Court called to North Star's attention in the May 1 Order. For purposes of diversity jurisdiction, a limited liability company's citizenship is that of its members. *OnePoint Solutions*, 486 F.3d at 346; *GMAC Commercial Credit*, 357 F.3d at 829. North Star is a limited liability company. Its sole member, North Star Rail Intermodal, is a limited liability company. North Star Rail Intermodal's members include several Minnesota and South Dakota limited liability companies, but North Star failed to identify the citizenship of the members of the Minnesota and South Dakota limited liability companies. *See Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) ("Consequently, an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well.").

Next, North Star states the residence of several individual members of North Star Rail Intermodal. For purposes of diversity jurisdiction, residence and citizenship are not synonymous. *Dubach v. Weitzel*, 135 F.3d 590, 593 (8th Cir. 1998); *Walker v. Norwest Corp.*, 108 F.3d 158, 161 (8th Cir. 1997); *Dale v. Weller*, 956 F.2d 813, 814-15 (8th Cir. 1992); *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987).

Finally, North Star's conclusory assertion that none of the members of North Star Rail Intermodal is a citizen of California does not establish that the parties are diverse. *See Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir.

1990) (stating that the pleadings must set forth with specificity the citizenship of the parties to establish diversity jurisdiction).

Having failed to establish its citizenship, North Star has not satisfied its burden of establishing subject matter jurisdiction. The Court nevertheless affords North Star an additional opportunity to establish its citizenship. In attempting to redress its deficient jurisdictional allegations, North Star shall adhere to the following procedure. North Star shall contact the magistrate judge's chambers to obtain a briefing schedule. According to the schedule set by the magistrate judge, North Star shall submit to the magistrate judge a memorandum of law and additional evidence addressing North Star's citizenship. After reviewing North Star's submission, the magistrate judge shall issue a Report and Recommendation on the issue of whether North Star satisfied its burden of establishing subject matter jurisdiction. *See* D. Minn. LR 72.1(b).

IT IS SO ORDERED.

Dated: May 11, 2009

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge